UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY JAY ,<br><br>Defendant. | Case No. 1:04-cr-00256-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Before the Court is Defendant Jeremy Jay's unopposed Motion for Early Termination of Supervised Release.  (Dkt. 213).  For the reasons explained below, the Court will grant the motion.

## BACKGROUND

In July 2005, this Court sentenced Mr. Jay to 108 months' incarceration to be followed by five years of supervised release. He admits that, initially, his performance on supervised release was poor and he was sent back to prison. He is now serving his second term of supervised release, which began in January 2019 and is scheduled to terminate at the end of 2022.

Mr. Jay reports that he has now fully complied with the terms of supervised release and that he has gone "he has gone above and beyond by showing remarkable personal growth and maturity, including by helping others who are just beginning their own journey of post-release rehabilitation." *Motion,* Dkt. 213, at 2. Neither the government nor the United States Probation Office objects to early termination of supervision.

## DISCUSSION

Early termination of probation is governed by 18 U.S.C. § 3564(c), which requires the court to consider factors set forth in § 3553(a), to the extent they are applicable. Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).  After considering those § 3553(a) factors, the court may terminate a defendant's term of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

After having considered these factors, the Court concludes that the interests of justice warrant early termination of supervision. As already noted, defendant has performed very well on supervision. He has a fulltime job; he shares a home and mortgage with his girlfriend; he serves as a mentor to newly released IDOC

inmates; and he does not need supervision in terms of training or medical care. The Court commends Mr. Jay for the positive steps he has taken in his life and is pleased to grant this unopposed motion.

## ORDER

Defendant Jeremy Jay's unopposed Motion for Early Termination of Supervision (Dkt. 213) is **GRANTED**.

DATED: August 18, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION & ORDER - 3